**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BOARDS OF TRUSTEES OF THE OHIO LABORERS' FRINGE BENEFIT PROGRAMS,**

**Plaintiffs,**

**vs.**

**Civil Action 2:12-CV-798**
**Judge Marbley**
**Magistrate Judge King**

**TITAN EXCAVATING, LLC,**

**Defendant.**

**REPORT AND RECOMMENDATION**

This is an action for unpaid fringe benefit contributions, liquidated damages and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. Plaintiffs, the trustees of four trust funds, assert claims under ERISA, 29 U.S.C. § 1132, and the LMRA, 29 U.S.C. § 185. Defendant Titan Excavating, LLC ("defendant"), was served with a summons and a copy of the *Complaint* on August 31, 2012, *see* Doc. No. 3, but has failed to plead or otherwise defend this action. Plaintiff applied to the Clerk for entry of default, *Plaintiffs' Application for Entry of Default against Defendant*, Doc. No. 4, and the Clerk entered default pursuant to Fed. R. Civ. P. 55(a) on September 26, 2012. *Entry of Default*, Doc. No. 5. This matter is now before the Court on plaintiffs' *Motion for Default Judgment*, Doc. No. 15.

Plaintiffs have established that defendant entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO, by which defendant agreed to pay

contributions to the funds, by the 15th of each month, on behalf of its employees working within the work jurisdiction of the union. *Exhibit A*, attached to *Motion for Default Judgment.* Plaintiffs' audit of defendant's payroll records establishes that defendant owes $9,722.93 in contributions for the period April 2012 through November 2012. Exhibit C, attached to *Affidavit of Plaintiffs' Contractor Relations Manager,* attached to *Motion for Default Judgment*. Late contributions totaling $10,606.90 were made in May, June and July 2012. *Id*. Plaintiffs are entitled to liquidated damages, interest and attorney fees on these unpaid and late contributions. 29 U.S.C. § 1132(g)(2); *Michigan Carpenters Council v. C.J. Rogers, Inc*., 933 F.2d 376 (6th Cir. 1991). *See also Affidavit of Plaintiffs' Contractor Relations Manager*, ¶ 5. Liquidated damages and interest on the amounts owed by defendant total $3,658.29. Exhibit C, attached to *Affidavit of Plaintiffs' Contractor Relations Manager*. Plaintiffs do not seek attorney fees. *Motion for Default Judgment*, PAGEID # 38.

Plaintiffs are therefore entitled to judgment in the amount of $13,381.22. Defendant's sole member has consented to entry of judgment in this amount. Exhibit D, attached to *Motion for Default Judgment.*

Accordingly, it is **RECOMMENDED** that plaintiffs' unopposed *Motion for Default Judgment*, Doc. No. 15, be **GRANTED**. The Court **FURTHER RECOMMENDS** that the Clerk enter judgment against defendant and that plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs have and recover from Titan Excavating, LLC, the sum of thirteen thousand three hundred eighty-one dollars and twenty-two

cents ($13,381.22), including unpaid fringe benefit contributions through November 2012, prejudgment interest, and liquidated damages, plus interest from the date of judgment at the rate of one percent (1%) per month.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

July 1, 2013

*s/Norah McCann King*
Norah McCann King
United States Magistrate Judge