IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE OHIO LABORERS' FRINGE BENEFIT PROGRAMS, | : : : |
| Plaintiffs, | Case No. 2:12-CV-798 : : JUDGE ALGENON L. MARBLEY |
| v. | : : Magistrate Judge King |
| TITAN EXCAVATING, LLC, | : : |
| Defendant. | : |

**OPINION AND ORDER**

On July 1, 2013 the United States Magistrate Judge issued a **Report and Recommendation** in this case (Doc. 16), recommending that this Court grant Plaintiffs' unopposed Motion for Default Judgment against Defendant Titan Excavating, LLC (Doc. 15). The parties were specifically advised of their right to object to the Report and Recommendation and of the consequences of their failure to do so. (Doc. 16 at 3).  No objections have been filed. Plaintiffs seek $13,381.22 in unpaid fringe benefit contributions, liquidated damages and interest, plus interest from the time of judgment at a rate of 1% per month.  (Doc. 15 at 1). Plaintiffs do not seek attorney fees.  (*Id*. at 3).  Since neither party has objected, and the deadline for such objections elapsed on July 18, 2013, this court **ADOPTS** the Magistrate Judge's Report and Recommendation.  For the reasons stated herein, default judgment is **GRANTED**.

Plaintiffs, fiduciaries of four employee benefit trusts administered jointly, brought this action against Defendant based on various collective bargaining agreements between Defendant and a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO. (*Complaint*, Doc. 1, ¶¶ 1-2).  Plaintiffs allege that the agreements bound Defendant to the Declarations of

Trust establishing the funds, and obligated it to make contributions on behalf of all its employees working within the work jurisdiction. (*Id.*, ¶ 4). Plaintiffs assert that Defendant breached these agreements by failing to make such payments. (*Id.*, ¶ 6).

Plaintiffs filed their complaint on August 31, 2012. (Doc. 1). Summons was returned as executed (*see* Doc. 3), but Defendant failed to plead or otherwise defend. On September 24, therefore, Plaintiffs applied for entry of default under Fed. R. Civ. P. 55(a) (Doc. 4), which the clerk entered two days later (Doc. 5). Plaintiffs now move for Default Judgment. (Doc. 15 at 1).

Plaintiffs allege that Titan Excavating owes $9,722.93 in unpaid contributions for the period April through November 2012. (Doc. 15 at 3). In addition, under 29 U.S.C. § 1132(g)(2), Plaintiffs request liquidated damages and interest. *See Sherman v. Carter*, 353 U.S. 210 (1957): *Michigan Carpenters Council v. C.J. Rogers, Inc.*, 933 F.2d 376 (6th Cir. 1991). The collective bargaining agreement here provides for a one-time 10% charge on all late contributions as liquidated damages, as well as 1% interest per month on late contributions until paid. (*See Plaintiffs' Ex. B*, Doc. 15-3). Titan Excavating made late payments totaling $10,606.90, (Doc. 15 at 3); thus, Plaintiffs ask for $9,722.93 in known unpaid contributions, together with $3,658.29 in liquidated damages and interest. (*Id.*; *Plaintiffs' Ex. C*, Doc. 15-3).

For the foregoing reasons, Plaintiffs Motion for Default Judgment against Defendant Titan Excavating is hereby **GRANTED**. Titan excavating is **ORDERED** to pay Plaintiffs the sum of $13,381.22 and interest from the time of judgment at a rate of 1% per month.

    **IT IS SO ORDERED.**

                                                           s/Algenon L. Marbley
                                                           **ALGENON L. MARBLEY**
                                                           **UNITED STATES DISTRICT JUDGE**

**DATED:  January 17, 2014**